## Louisville Gas & Electric Company v. Midas Oil & Gas Company.

### (Decided December 15, 1925.)

### Appeal from Floyd Circuit Court.

Contracts—Chancellor's Denial of Specific Performance and Dismissal of Counterclaim Seeking that Relief Held Proper.—In suit for damages for breach of contract based on agreement to execute a formal contract, wherein defendant interposed a counterclaim seeking specific performance, chancellor's denial of such relief and dismissing counterclaim held proper, where the evidence showed that parties themselves treated the paper sued on as being no contract.

MATTHEW O'DOHERTY and JOSEPH D. HARKINS for appellant.

GEORGE B. MARTIN and C. W. WHEELER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This action was instituted by the appellees, four corporations, engaged in producing and marketing natural gas from leases located in eastern Kentucky. By it

they sought to recover from appellant, Louisville Gas & Electric Company, $100,000.00, the alleged damages which they suffered by its alleged breach of an alleged contract. The contract sued on was in writing and was filed with the petition. It was dated September 22, 1920, and the petition was filed July 22, 1921. The contract sued on, among other things, contained this provision: "The parties hereto agree that the formal contract shall be drawn up as soon as possible." The petition contained the usual averment that the parties plaintiff had been ever since the writing sued on was executed, and then were, ready, able and willing to perform their part of it. By answer appellant pleaded the provision of the writing sued on, quoted, *supra;* that the parties had been unable to agree on the terms of the formal contract; that appellees had never before the filing of their petition agreed that the writing therein sued on constituted a workable, binding contract between them; and that they, too, were ready, able and willing to perform it. By way of counterclaim it sought specific performance of the contract sued on. The reply pleaded that appellant's failure to perform its undertakings under the writing sued on had forced appellees to seek other purchasers for their gas, so changing conditions as to make specific performance on their part impossible. The action was transferred to equity and the equitable issue raised by appellant's counterclaim was there tried and determined. The chancellor denied appellant specific performance of the contract of September 22, 1920, and dismissed its counterclaim. This appeal has been prosecuted from that judgment, and the other branch of the case, that arising on the petition of the appellees herein, has been held in abeyance until that question can be determined by this court.

The record discloses that the parties to the writing of September 22, 1920, have placed their own construction upon the quoted provision of it. Appellant certainly would not be entitled to a specific performance of the terms of the writing of September 22, 1920, unless that writing evidences a complete workable contract between the parties and was so understood by them. That it was not so understood by the parties who signed it is made perfectly manifest by the fact that neither of them thereafter so treated it. Within less than two weeks after the original writing was executed representatives of the parties interested, including their attorneys, met and spent

an entire day in undertaking to agree upon terms under which they would contract with each other in the premises, but were unable to do so. Thereafter each party prepared and submitted to the other a writing constituting the final and formal contract, evidencing the terms under which they were willing to contract in the premises, but neither writing so prepared was acceptable to the other; and the next five or six months were spent by the parties in numerous conferences and voluminous correspondence in an effort to agree upon terms mutually acceptable. They were never able to do so. During some of these conferences it was suggested that the parties endorse upon the writing of September 22, 1920, that they had agreed upon it as evidencing their final, formal contract, but they were unable to agree on that proposition. During all of this time in which the parties who signed the original writing were negotiating with each other and undertaking to agree upon the terms of a contract looking to the building of the pipe line to the gas fields of the producers and the purchasing of its output by the consumer, it does not appear that in any of the conferences held either party took the position that the writing dated September 22, 1920, bound the parties, nor does such a contention appear in any of the correspondence between the parties until just before the negotiations were terminated.

In the light shed upon the business with reference to which the parties hereto were undertaking to contract, furnished to this court by the contentions of the parties, as disclosed in the testimony herein, and the contracts prepared by either party, and voluminous correspondence between the parties with reference thereto, it would seem that the contract of September 22, 1920, was wholly silent upon one very essential feature of a contract in the premises. That writing contained no provision which bound appellant, the consuming company, to purchase any gas from the producing companies. Many other provisions essential to a contract with reference to the business in which the parties were engaged for the protection of each party were also unprovided for in that writing. The parties themselves treated it as not being a complete, workable contract between them by beginning immediately after its execution and continuing for some seven or eight months to negotiate with each other in vain efforts to agree upon the terms of a contract. This they were never able to do. Hence for the reason that the

parties themselves treated the writing of September 22, 1920, as no contract between themselves, the chancellor properly rejected appellant's prayer for specific performance and dismissed its counterclaim seeking that relief.

For the reasons indicated the judgment herein is affirmed.